IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COMPUTER PROGRAM AND SYSTEMS INC., *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> WAZU HOLDINGS, LTD., *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION 15-00405-KD-M <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the Court on Plaintiffs' motion to bifurcate (Doc. 75), Defendants' Response (Doc. 81), and Plaintiffs' Reply (Doc. 90).

Plaintiffs seek a judgment declaring that they have not infringed on and/or violated any right of Defendants with regard to the EVIDENT trademark brand (relating to computer software to access, search, sort, group, produce, print and review information and documents through the internet in the healthcare field). In response, Defendants counterclaimed against Plaintiff Evident, LLC for false designation of origin, dilution, cybersquatting and unfair competition. Defendants also seek to enjoin Plaintiffs' use of the EVIDENT mark, and to be awarded any/all profits derived by Plaintiffs from the sale of their goods/services in conjunction with the EVIDENT mark and for damages sustained by Defendant Evident by reason of infringement. Presently, Plaintiffs seek to bifurcate this litigation into two (2) separate trials (one on infringement and one on willfulness/relief (*if* infringement is found)) as well as to stay discovery on issues other than infringement pending the outcome of the trial on infringement.

Rule 42 of the Federal Civil Rules of Procedure provides for bifurcation (separate trials): "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a

1

separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims….." Fed.Civ.P. Rule 42(b). The rule invests trial courts with "broad discretion" whether to order bifurcation. <u>Harrington v. Cleburne Cty. Bd. of Educ.</u>, 251 F.3d 935, 938 (11th Cir. 2001).

Plaintiffs contend that bifurcation is proper because: 1) the willfulness and relief issue -- and related evidence -- is significantly different than infringement, and they cannot be found liable for willful infringement (and related damages) unless they are first found liable for infringement; 2) it serves the interest of convenience, expediency and judicial economy as resolution of one issue could be dispositive of the entire case; 3) if Defendants prevail on infringement, the likelihood of settlement will be enhanced; 4) it will prevent prejudice to Plaintiffs by decreasing the likelihood of confusing the jury with different claims; and 5) without it, Plaintiffs will be prejudiced by having to provide Defendants with their legal opinions on willfulness.   Plaintiffs also seek a stay of discovery on non-infringement issues.

Defendants oppose Plaintiffs' motion.  Defendants assert that bifurcation is improper because: 1) intent and willfulness is inextricably bound with the issue of infringement; 2) such will not result in judicial economy and will instead likely duplicate time and resources; and 3) there is no prejudice to Plaintiffs without it.   Defendants add that there is no good faith basis to stay discovery on non-infringement issues, particularly at this stage in the litigation.

First, as to the Plaintiffs' request to bifurcate discovery, this action has been pending since August 10, 2015.   (Doc. 1).   Plaintiffs have had numerous opportunities to resolve any discovery issues and have not, until the present motion, raised the issue of bifurcation.   The parties' scheduling conference, held 14 months ago – was the occasion to address such an issue,

yet the parties failed to do so.  Indeed, the parties' January 26, 2016 planning report (Doc. 24) – which provided the basis for the Court's January 28, 2016 Scheduling Order (Doc. 25) – did not indicate any need or request for bifurcation.  Likewise, when the parties requested an amended Scheduling Order, which issued in August 2016 (Doc. 38), there was no indication of any need or request for bifurcation.  Similarly, when the parties requested a second amendment to the Scheduling Order, which issued in December 2016 (Doc. 60), there was no indication of a need or request for bifurcation.  As such, Plaintiff's motion is untimely as it relates to discovery.  Moreover, the court does not find that it promotes efficiency or judicial economy to bifurcate discovery at this late stage.  Accordingly, Plaintiffs' motion is **DENIED** as to the request to bifurcate discovery.

Second, as to Plaintiffs' request to bifurcate trial, the Court has considered Plaintiffs' contentions but finds the motion is due to be **DENIED at this time.** However, Plaintiffs may re-file the motion to bifurcate trial <u>after</u> the close of discovery and the resolution of any motions for summary judgment.

**DONE** and **ORDERED** this the **7th** day of **March 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
