# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COMPUTER PROGRAMS AND SYSTEMS, INC., and EVIDENT LLC, | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| vs. | : CIVIL ACTION 15-0405-KD-N <br> : |
| WAZU HOLDINGS, LTD. and EVIDENT, INC., | : <br> : <br> : |
| Defendants. | : |

## ORDER

On June 15, 2017, a hearing was held on Plaintiffs, Computer Programs and Systems, Inc. ("CPSI") and Evident, LLC's, Motion to Compel (Doc. 117) and Defendants, Wazu Holdings, Ltd. and Evident, Inc.'s, Motion to Compel (Doc. 118), limited to the outstanding issues reported by the parties on May 26, 2017 (Doc. 148). As a result, the parties' motions (Docs. 117 and 118) are **GRANTED in part** and **DENIED in part** as follows:

    **A**.    Defendants' request that Plaintiffs produce all internal emails from January 1, 2013 to present between Scott Schneider, Boyd Douglas, David Dye, and Jenny Humphreys that include the following terms/phrases: "Rebranding", "Tenet Partners", "Brandlogic", "Evident, Inc.", "Wazu", "Trademark Litigation", and "Canada".

Plaintiffs are **ORDERED** to produce the emails as requested.

    **B**.    Plaintiffs' request that Defendants supplement their discovery responses to specify which documents are responsive to

1

particular requests for production or otherwise categorize or index the voluminous documents produced.

At the hearing, Plaintiffs were ordered to provide to Defendants, in writing, a list of the proposed categories by which the emails previously produced (approx. 85,388 pages) should be classified by not later than June 19, 2017. Defendants were ordered to respond to the list in writing by not later that June 26, 2017. The Court understands that Plaintiffs provided the subject list to Defendants and has no reason to believe that Defendants will not respond by today, June 26, 2017. As such, the parties are **ORDERED** to notify this Court in writing **by not later than Monday July 3, 2017**, whether said exchange of information resulted in a resolution of this dispute or whether further court intervention is necessary and on what grounds.

- **C**. Defendants' request that Plaintiffs produce user/functionality manuals for Evident, LLC, software and screenshots, screen "grabs", printouts, screen "captures" or other visual depictions of each and every element, module, interface, component, associated fields/menus, dialogue boxes, integrated forms, windows, tabs, and for other architecture of the Evident, LLC, software distributed under the name Thrive for the period of April 2015 to present.

It is the Court's understanding that Defendants have been provided the requested information.

- **D**. The Production of all CPSI Board Minutes during the requested time period in an un-redacted form.

During the hearing, counsel for Defendants suggested a compromise of this dispute: that counsel for Defendants be allowed to conduct a visual

2

review all of the board minutes for the relevant time period in an un-redacted form at the office of counsel for Plaintiffs. Counsel for Plaintiffs requested the opportunity to discuss such a resolution with their client. The parties are **ORDERED** to notify the Court the status of this outstanding discovery dispute by **not later than Monday, July 3, 2017**.

> E. The production of the communications concerning the advice of Plaintiffs' counsel about whether the EVIDENT mark is available and whether the use of the mark infringes on others' use.

The redacted and un-redacted versions of the relevant communications were submitted to the Court for *in camera* review. The undersigned finds that the redacted communications produced were in compliance with the discovery requests and the Federal Rules of Civil Procedure such that no additional information should be un-redacted and no further production is necessary.

**DONE** and **ORDERED** this the 26th day of June 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**