IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COMPUTER PROGRAM AND SYSTEMS INC., *et al.*, | ) ) | |
|     Plaintiffs/Counter-defendants, | ) ) | |
| v. | ) ) | CIVIL ACTION 15-00405-KD-N |
| WAZU HOLDINGS, LTD., *et al.*, | ) | |
|     Defendants/Counter-claimants. | ) | |

ORDER

This matter came is the Court on motions to exclude filed by Wazu Holdings, Ltd. and Evident, Inc. (Wazu) (Docs. 242-244) (Davis, Robicheaux and Plumpe) and motions to exclude filed by Computer Program and Systems, Inc. and Evident, LLC (CPSI) (Docs. 245-246, 248-249) (Baker, Einhorn, Rappaport and Stewart).

At the outset, the parties are advised that the following rulings are *preliminary* determinations which may be reconsidered at trial. Additionally, the allowance of a specific expert is not an endorsement by the Court that *the entirety* of the opinion expressed in said expert's report is either relevant or admissible.

Turning to the merits of the motions to exclude, as set forth by this Court in Johnson v. Louisville Ladder, 2008 WL 5122261, *7 (S.D. Ala. Nov. 14, 2008) (footnote omitted):

> While Federal Rules of Evidence 401 and 402 provide for the liberal admission of relevant evidence, Rules 403, 702, and 703 mitigate against this general policy by giving trial courts discretion to exclude expert testimony that is either unreliable or irrelevant. See, e.g., Allison v. McGhan Medical Corp., 184 F.3d 1300, 1310 (11th Cir.1999). The Eleventh Circuit summarized the applicable rules in City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562–563 (11th Cir. 1998), specifying that scientific expert testimony is admissible when: 1) the expert is qualified to testify competently regarding the matters he intends to address; 2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in Daubert v. Merrell

Dow Pharm. Inc., 509 U.S. 579…(1993);[ ] and 3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. See also e.g., Allison, 184 F.3d at 1309; Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1312 (11th Cir.2000). Thus, a Court must determine whether expert testimony is relevant and reliable before it is deemed admissible.

Additionally, per Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010):

> *Daubert* requires that trial courts act as "gatekeepers" to ensure that speculative, unreliable expert testimony does not reach the jury. 509 U.S. at 597, n. 13…The trial court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." [*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152…(1999)].
>
> Federal Rule of Evidence 702 governs the admission of expert testimony in federal court, and provides that:
>
>> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
>
> Applying these principles, this Court has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue…

Moreover, "[t]he proponent of the expert testimony bears the burden of showing, by a preponderance of the evidence, that the testimony satisfies each prong." Hendrix ex rel. G.P. v. Evenflo Co., Inc., 609 F.3d 1183, 1194 (11th Cir. 2010).

After a thorough review of the motions and evidence submitted in support, as well as consideration of the relevant Daubert factors *supra*, the Court concludes that further argument from counsel and testimony from the experts is not required at this time. As such, it is

2

**ORDERED** that the April 2, 2018 Daubert evidentiary hearing is **CANCELED.**

It is further **ORDERED** as follows:

I.  **Baker**

CPSI's motion to exclude Baker's testimony is **DENIED.** CPSI's objection to Baker's testimony as speculative. However, the identified alleged deficiencies may be addressed on cross-examination and are not grounds for exclusion.[1]

II. **Davis**

Wazu's motion to exclude Davis' testimony is **DENIED in part** and **GRANTED in part** as follows: **DENIED** as to Paragraphs 8-14 and **GRANTED** in part as to paragraphs 17-25 and 36-40 to the extent that the witness attempts to explain the law and its application to the facts.

III. **Einhorn**

CPSI's motion to exclude Einhorn's testimony is **DENIED**. CPSI moves to exclude alleging that Einhorn's methodology for determining damages and refuting Plumpe's testimony is not reliable. However, the identified alleged deficiencies may be addressed on cross-examination and are not grounds for exclusion.

IV. **Plumpe**

Wazu's motion to exclude Plumpe's testimony is **DENIED**. Wazu alleges Plumpe is not qualified to opine on CPSI's benefits from marketing under the Evident trademark and that Plumpe's calculations are based on questionable methodology. However, the identified alleged

---

[1] See, e.g., Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1345 (11th Cir. 2003) and Senn v. Carolina Eastern, Inc., 111 F. Supp. 2d 1218, 1222 (M.D. Ala. 2000) ("*Daubert* does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct[]" and "[a]s long as an expert's scientific testimony rests upon 'good grounds, based on what is known,'…it should be tested by the adversary process -- competing expert testimony and active cross-examination -- rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies[]").

deficiencies may be addressed on cross-examination and are not grounds for exclusion.

## V.   Rappaport

CPSI's motion to exclude Rappaport's testimony is **DENIED in part, GRANTED in part**, and **CARRIED TO TRIAL in part**.  The motion to exclude is **DENIED** as to Rappaport's qualification to testify and is also **DENIED** as to the opinions expressed in paragraphs 1-2 of his report.  The motion to exclude the opinions expressed in paragraphs 3-4 is **CARRIED TO TRIAL**.  The motion to exclude conclusory opinions expressed in paragraphs 5-12 is **GRANTED.**

## VI.   Robicheaux

Wazu's motion to exclude the testimony of Robicheaux is **GRANTED in part** and **DENIED in part** as follows: **GRANTED** as to any conclusory testimony regarding CPSI's lack of intent to infringe; and **DENIED** as to Robicheaux's testimony regarding likelihood of confusion.

## VII.   Stewart

CPSI's motion to exclude Stewart's testimony is **DENIED.**   CPSI alleges that Stewart's testimony is unreliable.   However, the alleged deficiencies may be addressed on cross-examination and are not a basis for exclusion.

**DONE** and **ORDERED** this the **28th** day of **March 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**