IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COMPUTER PROGRAM AND SYSTEMS INC., *et al.*, <br>     Plaintiffs/Counter-defendants, <br><br> v. <br><br> WAZU HOLDINGS, LTD., *et al.*, <br>     Defendants/Counter-claimants. | CIVIL ACTION 15-00405-KD-N |

**ORDER**

This matter is before the Court on the parties' motions in limine. (Docs. 285-290). Upon consideration of the parties' filings and counsel's oral arguments on April 3, 2018, and as ruled open in open court,[1] the Court finds as follows.

**I.**     **CPSI's Motions in Limine and Wazu's Doc. 290**

As to CPSI's five (5) part motion in limine, Doc. 285, CPSI's motion is **GRANTED in part,** and **DENIED in part** as follows:

First, as to the Canadian registration evidence, CPSI's motion is **GRANTED** in part as explained on the record. As to Wazu's related motion in limine, Doc. 290, Wazu's motion is **DENIED at this time** as to the objections based on authenticity and relevancy as explained on the record.

Second, as to the Alexa evidence, CPSI's motion is **GRANTED in part** as to the Alexa information and evidence (data) being admitted in its entirety and **DENIED in part** as to Stewart testifying at trial regarding his reliance on Alexa data and information in forming his opinions and that Alexa information is relied upon by experts in the field. As to the Facebook evidence, the Court cannot rule at this time because there is insufficient information as to precisely what this evidence

---

[1] The rulings are set forth more specifically on the record. As noted at the hearing, these are *preliminary* rulings which may change as trial proceeds.

entails, such that CPSI's motion to exclude is **CARRIED TO TRIAL**.

Third, as to the community hospital contact, CPSI's motion is **GRANTED in part** as to explained on the record. In sum, Stewart cannot testify as to what "Dominic" or Verity said. The testimony of Rayne Verity regarding the instance of alleged confusion will be allowed.

Fourth, as to the advice of counsel evidence, CPSI's motion is **GRANTED at this time** as to any post litigation comments/communications with counsel.

Fifth, as to the Canadian move, CPSI's motion is **DENIED at this time**; this evidence may be relevant to the issue of CPSI's intent.

## II.     Wazu's Remaining Motions in Limine

As for Wazu's remaining motions in limine, Docs. 286-289, the Court finds as follows:

As to Doc. 286, Wazu's motion to exclude evidence concerning the acquisition price of Evident, Inc. is **GRANTED at this time**; the Court will assess further when and if the evidence becomes relevant.

As to Doc. 287, Wazu's motion to exclude the unclean hands defense of CPSI is **GRANTED at this time**.

As to Doc. 288, Wazu's motion to exclude evidence of Evident, Inc.'s gross revenues is **DENIED at this time.**

As to Doc. 289, Wazu's motion to exclude the Goodfellow settlement evidence is **GRANTED at this time** until and unless this become relevant during the course of trial.

**DONE** and **ORDERED** this the **3rd** day of **April 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**