**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **COMPUTER PROGRAM AND SYSTEMS INC.,** *et al.*, | ) | |
| Plaintiffs/Counterdefendants, | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 15-00405-KD-N** |
| | ) | |
| **WAZU HOLDINGS, LTD.,** *et al.*, | ) | |
| Defendants/Counterclaimants. | ) | |

**ORDER**

This matter is before the Court on CPSI's Bill of Costs (Doc. 329), Evident's objection (Doc. 330) and CPSI's reply (Doc. 331), Costs Taxed (Doc. 333), CPSI's Motion to Retax (Doc. 340), Evident's response (Doc. 341 (amended)), and CPSI's reply/supplement (Docs. 344, 347).

**I.      Background**

This is a Lanham Act trademark case.    Following an April 16-20, 2018 jury trial, on April 26, 2018 final declaratory judgment was entered in favor of Computer Program and Systems, Inc./Evident, LLC (CPSI), and against Wazu Holdings, Ltd./Evident, Inc. (Evident), declaring that CPSI's use of a certain trademark did not constitute infringement on any right of Evident in the trademark.[1]    (Docs. 324, 325).    On May 10, 2018, CPSI filed a Bill of Costs.    (Doc. 329). CPSI initially sought $388,875.27 comprised of $447.00 for fees of the Clerk; $29,093.96 for printed/electronically recorded transcripts; $11,165.83 for fees and disbursements for printing; $63,726.94 for witness fees for trial; $1,140.00 for fees for exemplification and the costs of making copies; and $283,301.54 for other costs.    (Doc. 329).    On September 24, 2018, the Clerk taxed costs in the amount of $447.00, awarding only the fees for the filings with the Clerk.    (Doc. 333).

---

[1]  All of Evident's claims against CPSI were dismissed with prejudice.

On December 5, 2018, CPSI moved to retax costs, to award costs in the amount of $44,259.94 for: trial witnesses $7,405.57; deposition transcripts $29,093.96; expert witness deposition attendance $240.00; printing $6,380.47; and certified documents/exemplifications $1,140.00. (Doc. 340).

## II.  Relevant Law

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985). Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Indeed, Rule 54(d) creates a "strong presumption that the prevailing party will be awarded costs." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted). However, Rule 54(d) does not confer authority to "tax costs to reimburse a winning litigant for every expense" incurred in the case. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 234 (1964). Rather, absent explicit statutory authorization, courts are limited to the costs enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbins, Inc., 482 U.S. 437, 445 (1987). Specifically, the following may be taxed:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As an initial matter, the parties dispute prevailing party status. CPSI contends that it is the prevailing party because the jury found no trademark infringement, supporting its request for

a declaratory judgment which issued via entry of a final judgment.   In contrast, Evident alleges that *both* sides prevailed because the jury *also* found that Evident had enforceable rights in the trademark.   (Doc. 341 at 3-4).   Essentially then, per Evident, because both sides "prevailed" *to some extent*, there is no prevailing party.   The Court cannot agree.   A "prevailing party" is the party in whose favor judgment has been rendered by the Court.   <u>Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,</u> 298 F.3d 1238, 1248 (11th Cir. 2002).   Evident's <u>*claims*</u> were dismissed with prejudice, and judgment was entered in favor of CPSI (no trademark infringement). As such, CPSI is the prevailing party.

### III.   <u>Witness fees</u>

CPSI seeks witness fee costs (trial attendance, subsistence, and mileage) for Theodore H. Davis, Jr. ($2,082.57), John Plumpe ($1,865.63), Dr. Robert A. Robicheaux ($1,423.41), and Peter Winkelstein ($2,033.90).   (Doc. 340 at 3-11).   The Court awards a total of **$3,886.44.**

Pursuant to 28 U.S.C. § 1920(3), courts may tax costs for "fees and disbursements for ... witnesses."   Witness costs are set by 28 U.S.C. § 1821(a)-(d) which provides, in relevant part:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States…shall be paid the fees and allowances provided by this section.

***

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned

vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

(3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

***

In sum, recoverable costs include $40.00/day for the witness' trial attendance, a common carrier expense at "the most economical rate reasonably available," a per diem subsistence[2] if an overnight stay is required, and costs for mileage, tolls, parking fees or taxicab fares. See, e.g., PODS Ent., LLC v. U-Haul Int'l, Inc., 2015 WL 5021668, *1 (M.D. Fla. Aug. 24, 2015); Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408, *14 (S.D. Ala. Jan. 17, 2013).   A witness may recover the cost of airfare if it is the most economical rate (economy class rate versus business class) reasonably available for round trip travel by common carrier.   See, e.g., Crouch, 2013 WL 203408, *17 and *19 (reducing flight costs 50% because the documentation was not sufficient to establish that travel at the most economical rate).[3]   Moreover, regarding subsistence (lodging and

---

2 Only 75% of the statutory maximum per diem rate is recoverable on both the first and last day of travel. See   https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=AL&fiscal_year=2018&zip=&city=
(last visited 2/12/19).

3 Crouch, 2013 WL 203408 at *17: "…the cost of…air travel…is reduced by 50%......Aguiar v. Natbony, 2011 WL 4387180, *2 (S.D. Fla., Sept. 20, 2011) (overruling objections and adopting the magistrate judge's recommendation to reduce by 50% the airfare of a witness who "did not provide proof of the 'most economical rate reasonably available'"); see also Moncus v. Johanns, 2006 WL 1180950, *3

M&IE), "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed[.]"  28 U.S.C. § 1821(d)(2).   Courts look at the maximum per diem allowance based on the location where trial occurred and award *the lesser* of the maximum per diem amount or the amount actually paid/incurred. <u>Santana v. RCSH Operations, LLC</u>, 2012 WL 3779013, *4 (S.D. Fla. Aug. 31, 2012) ("the amount taxable is the amount actually paid or the statutorily defined amount, whichever is less…." (citations omitted); <u>D.B. v. Orange Cty., Fla.</u>, 2015 WL 847293, *3 (M.D. Fla. Feb. 26, 2015) ("[t]he general rule…is that expert witness fees are not taxable….beyond the statutory per diem fee, mileage and the subsistence allowance…under 28 U.S.C. § 1821[]").

At the outset, Evident asserts: "[g]enerally, an individual who is not called as a witness at trial cannot be entitled to a witness fee or related expenses. *Duckworth v. Whisemant*, 97 F.3d 1393, 1399 (11ᵗʰ Cir. 1996); *Bumpers*, 2015 WL 6870122 at 19."   (Doc. 341 at 4).   The Court cannot agree.   The U.S. Supreme Court in <u>Hurtado v. United States</u>, 410 U.S. 578, 584-585 (1973) held that witness fee statutes are appropriate not only for witnesses who testify, but for all witnesses who "have been summoned and are...available to testify."   Evident argues: "Ordinarily, a court may not award a witness fee for someone who comes to the courthouse but does not testify at the trial. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2678 (3d ed. 2018)."   (Doc. 341 at 4).   Section 2678 *actually* states:

> Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that the person was not a necessary witness…*But this is no more than a presumption and can be overcome if it appears that a court order or some other extrinsic circumstance rendered that testimony unnecessary*….Thus, fees have been allowed when an arrangement with the opposing counsel and concessions made in open court ended the need for the witness's testimony….It also has been held that costs can be recovered when counsel refrained from calling the witness because of a desire to avoid

(M.D. Ala. May 2, 2006) (…"because the government has made no showing that his ticket was purchased at 'the most economical rate reasonably available,' the Court finds that the government is only entitled to recover…[a lesser amount for air travel]…)."

consuming further time and thereby minimize delay, inconvenience, and unnecessary trial expenses…..

10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2678 (3d ed. 2018) (footnotes omitted and emphasis added).

Indeed, "[f]ees for witnesses who were subpoenaed but did not testify are generally recoverable unless their testimony 'was immaterial, or that the number subpoenaed who did not testify was unduly excessive, or that the time they spent in attendance and the fees claimed for them were manifestly unreasonable.' *United States v. Lynd,* 334 F.2d 13, 16-17 (5th Cir. 1964)[]." Nationwide Ins. Co. v. Nall's Newton Tire, 2015 WL 8207478, *5 (S.D. Ala. Dec. 7, 2015) (awarding witness fees for an individual "listed as a witness for trial and….presumed necessary since there is no evidence to the contrary[]" (footnote omitted)).   See also e.g., Jones v. Webb, 2013 WL 12250508, *2 (N.D. Ala. Nov. 26, 2013) (even when witnesses "ultimately did not testify" at trial, "the fact that…[counsel] listed them suggested that it could be reasonable for them to travel…..in the event they were needed at trial…..reimbursement for one day of attendance and mileage….is not unreasonable when a witness might be needed at trial but is not ultimately called to the stand[]").   As summarized in Strong v. Geico Gen. Ins. Co., 2018 WL 671342, *1-2 (M.D. Fla. Jan. 10, 2018) (emphasis added):

> … Mr. Thompson was not called to testify at trial….testimony at trial is not the test for awarding service fees under Section 1920. *Hughes ex rel. J.B. v. Judd*, …2015 WL 5135538, at *2 (M.D. Fla. July 17, 2015), *report and recommendation adopted as modified sub nom. Hughes v. Judd, …..* 2015 WL 5155032 (M.D. Fla. Sept. 1, 2015) (recommending that the plaintiffs be taxed the fees associated with serving a witness with a trial subpoena even though she was not called to testify at trial). Similarly, in determining whether a prevailing party may recover witness fees, *the relevant inquiry is* not actual testimony or physical presence but *the readiness to testify. Cadle v. Geico Gen. Ins. Co.,* …2015 WL 4352048, at *7 (M.D. Fla. July 14, 2015) (citing *Hurtado v. U.S.,* 410 U.S. 578, 586 (1973)); see *Hernandez v. Wilsonart Int'l, Inc.*, ….., 2011 WL 7092657, at *4 (M.D. Fla. Dec. 30, 2011) *report and recommendation adopted*, 2012 WL 220265 (M.D. Fla. Jan.25, 2012) (awarding witness fees even though case was dismissed on summary judgment).

… GEICO *included* Mr. Thomas *on its witness list and there is no evidence that he was unavailable and unprepared to testify at trial*….Thus, the undersigned recommends that GEICO recover the service and witness fees it incurred *to secure* Mr. Thompson's *availability to testify at trial*.

Bearing this in mind, the Court now turns to the specific witnesses. As detailed below, CPSI's witness costs are **GRANTED in part** and **DENIED in part.**

**A.      Davis**

With regard to attendance, Davis attended trial for 6 days (including a travel day) (April 15-20, 2018) and testified on April 20, 2018. (Doc. 329-1 at 31-34; Doc. 340 at 4, 6 and n. 4). At the statutory rate of $40/day, this totals $240.00. The Court awards **$240.00**.

Concerning travel, CPSI submits costs of $813.20 for two (2) one-way flights between Atlanta, GA and Mobile, AL. (Doc. 340 at 6 and n. 5). A review of the invoices (Doc. 329-1 at 33-34) reveals that two (2) one-way flights were booked mere days before travel. The trial setting was not a surprise. On May 19, 2017, all parties were notified of the trial being set for the month of April 2018, with jury selection set for April 3, 2018. (Doc. 147). Thereafter, the April 2018 trial and jury selection settings were reconfirmed on October 25, 2017 (Doc. 177), and the specific dates for trial (April 16-20, 2018) were provided to all parties on February 5, 2018 (Doc. 226) and reconfirmed on March 22, 2018 (Doc. 281). Given such notice, despite CPSI's assertions, Davis' flights could have been attained at *far more reasonable* economical rates. As such, the Court reduces the request by 50%, awarding **$406.60** for flights. Crouch, 2013 WL 203408, *17.

For Davis' transportation, CPSI seeks $117.37 for three (3) UBER trips. (Doc. 329-1 at 36-38; Doc. 340 at 6 at n. 6). On April 15, 2018, the UBER charge from the hotel to the airport in Mobile, AL was $39.67 (with $8.00 tip). On April 20, 2018, the UBER charge was $42.12 (with $10.00 tip). Also on April 20, 2018, another UBER charge was $35.58 (with $10.00 tip)

7

for travel from the GA airport to (apparently) Davis' GA home/business). The Court awards **$117.37 for** UBER costs.

Regarding subsistence, courts award *the lesser* amount after comparing the statutorily allowable rate versus the amount actually paid, and only 75% of the maximum per diem rate is recoverable for the first and last days of travel. CPSI seeks $912.00 (at the maximum allowable per diem rate for April 2018 in Mobile, AL ($152/day for 6 days -- $93/day for lodging plus $59/day M&IE). (Doc. 340 at 6 and n. 7). For lodging, the per diem rate is less than the actual amount and so is awarded -- $511.50 ($69.75 for the first and last days, $93.00/day for the remainder). (Doc. 329-1 at 35). For M&IE, the actual amount is less than the per diem and so the actual amount is awarded -- $159.28 ($33.04 4/16, $33.54 4/17, $32.54 4/18, $26.12 4/19 and $34.04 4/20). (Id.) The Court awards **$670.78**.

Thus, the **total award** for **Davis** is **$1,434.75.**

**B.     Robicheaux**

Relating to attendance, Robicheaux attended trial for 6 days including a travel day (April 15-20, 2018) and testified on April 20, 2018. (Doc. 329-1 at 40-41; Doc. 340 at 6-7 and n. 8). At the statutory rate of $40/day, this totals $240.00. The Court awards **$240.00**.

Concerning travel, CPSI submits $271.41 in mileage for Robicheaux for 498 miles (he drove from Birmingham, AL to Mobile, AL and back) at the applicable statutory rate in April 2018 ($0.545). (Doc. 329-1 at 40; Doc. 340 at 7 at n. 9). The Court awards **$271.41** for mileage.

Regarding subsistence, courts award *the lesser* amount after comparing the statutorily allowable rate versus the amount actually paid, and only 75% of the maximum per diem rate is recoverable for the first and last days of travel. CPSI seeks $912.00 for Robicheaux (at the maximum allowable per diem rate of April 2018 for Mobile of $152/day for lodging/M&IE for 6

days -- $93/day lodging plus $59/day M&IE)). (Doc. 340 at 7 and n. 10). For lodging, the per

diem is less than the actual amount ($1,089.84) and so is awarded -- $511.50 ($69.75 for the first

and last days, $93.00/day for the remainder). (Doc. 329-1 at 40). For M&IE, the actual amount

is less than the $59/day per diem and so the actual amount is awarded -- $100.00 ($20/day for 5

days). (Id.) The Court awards **$611.50**.

The **total award** for **Robicheaux** are **$1,122.91.**

## C. Winkelstein

Concerning attendance, Winkelstein attended trial for 3 days including a travel day (April

17-19, 2018), and testified on April 19, 2018. (Doc. 329-1 at 42, 44-45; Doc. 340 at 8-9 and n.

11). At the statutory rate of $40/day, this totals $120.00. The Court awards **$120.00**.

Concerning travel, CPSI submits flight costs totaling $1,209.59. (Doc. 329-1 at 44-45;

Doc. 340 at 9 and n. 12). The invoices reveal one-way flights booked mere days before, or the

day of, travel. Given such notice, despite CPSI's assertions, flights could have been attained at

*far more reasonable* economical rates. See *supra*. As such, the Court reduces the request by

50% and awards **$604.79** for flight costs. Crouch, 2013 WL 203408, *17.

For transportation, CPSI submits $248.31 ($170.01 for car rentals and $78.30 in parking

fees). (Doc. 329-1 at 42, 46-48; Doc. 340 at 9 and n. 13). The Court awards $170.01 for the 3

day car rental. (Doc. 329-1 at 47-48). Winkelstein paid $78.30 to park his vehicle at the

Buffalo, NY airport from April 17-23, 2000 (for 7 days at what *appears* to be a $11.18/day rate),

retrieving it on April 23rd. (Doc. 329-1 at 48). CPSI asserts this parking fee was for airport

parking while Winkelstein was traveling for trial. However, Winkelstein testified on April 19th.

(Id. at 45). No documents support parking fees incurred from April 20-23 as being recoverable.

As such, the Court grants parking fees only for April 17-19, 2018 in the amount of $33.55 (for 3

days).    Thus, the Court awards a total of **$203.56** for transportation.

Regarding subsistence, courts award *the lesser* amount after comparing the statutorily allowable rate versus the amount actually paid, and only 75% of the maximum per diem rate is recoverable for the first and last days of travel.    (Doc. 340 at 9 at n. 14).    CPSI seeks $456.00 for Winkelstein (3 days at the maximum allowable per diem rate of April 2018 for Mobile $152/day for lodging and M&IE ($93/day for lodging plus $59/day M&IE)).    For M&IE, Winkelstein incurred actual M&IE as follows: 48.78 4/17, $18.40 4/18, $36.96 4/18, $40.65 4/18, $19.50 4/19, $26.00 4/19, $14.65 4/20.    (Doc. 329-1 at 43, 48).    On a daily basis for April 17, 19 and 20, the actual amount is less than the $59/day M&IE per diem allowed, but for April 18th the actual amount is more than the per diem allowed.    As such, $108.93 is awarded for Winkelstein's M&IE for April 17, 19 and 20, and $59.00 is awarded for April 18th -- for a total M&IE of $167.93.    Concerning lodging, Winkelstein's actual lodging amount is $543.78 for 3 nights.    (Doc. 329-1 at 43).    The per diem rate of $93/day is less than the actual rate incurred. As such, the per diem rate is awarded for 3 nights totaling $232.50 ($69.75 for the first and last days, $93.00/day for the remaining day).    The Court awards **$400.43.**

Thus, the **total costs** for **Winkelstein** are **$1,328.78.**

### D.    Plumpe

CPSI did not request Plumpe's witness fees in the bill of costs.    (Doc. 329 at 2; Doc. 329-1 at 2).    This, even though CPSI apparently *included* Plumpe's expenses in the 137-page attachment to the bill of costs.    The purpose of a motion to retax is for the Court to "review the clerk's action" on the costs requested.    Fed.R.Civ.P.Rule 54(d)(1).    In otherwords, it is the opportunity for the Court to review the clerk's prior taxation of costs (as requested).    It is not the opportunity for a party to add costs not previously sought (even if inadvertent).    Plumpe's costs

were not before the Clerk on review of CPSI's bill of costs. CPSI's contention -- that because Plumpe's expenses were included somewhere in the 137-page attachment, the costs were "requested" -- is unpersuasive. It is not the task of this Court (or the Clerk) to scour the record to search for costs for a party to recover, when such costs are not requested or otherwise brought to the Court's attention. As such, the Court **DENIES** Plumpe's costs.

## IV.   Depositions Transcripts

CPSI seeks **$29,093.96** for 27 depositions of 23 witnesses (some deposed more than once), as "necessarily obtained" for use in the case -- including the costs of deposition exhibits[4] and video transcripts for certain expert witnesses. (Doc. 340 at 11-16 and n. 20-22; Doc. 329-1 at 1-2). In support, CPSI contends that all of the depositions were noticed and/or involved a witness identified by Evident in its pretrial disclosures (listed as intend to call or may call witness or witness whose deposition they intended to present at trial). (Doc. 340 at 14 and n. 23-25 (citing Doc. 247 at 1-3)). Additionally, CPSI highlights that:

> …the deposition costs associated with Verity, T. Goodfellow, and P. Goodfellow were also reasonably necessary…because they were read into evidence at trial….deposition costs associated with Edwards, Kalaw, K. Goodfellow, Stewart, Baker, Rappaport, Einhorn, Douglas, Schneider, Browning, Hinckle, Kalenderian, Humphries, Dye, Davis, Robicheaux, and Winkelstein were reasonably necessary because those individuals testified at trial….the deposition costs associated with Schneider, Cerruti, Browning, Dye, Kalaw, Verity, Edwards, and K. Goodfellow are reasonable as the Parties submitted portions of their deposition testimony in support of the Parties' respective motions for summary judgment….

(Doc. 340 at 15-16). Evident opposes CPSI's recovery of these deposition costs as follows: 1) due to CPSI's purported failure to comply with Standing Order No. 13; 2) CPSI did not introduce

---

4 Per CPSI (Doc. 340 at 13 at n. 20): "…approximately 200,000 pages of documents were produced, nineteen (19) fact witnesses were identified as potential witnesses in the Joint Pretrial Document and eight (8) expert witnesses were identified as potential witnesses in the Joint Pretrial Document. This is precisely the type of complex case where costs for deposition exhibits are recoverable. Without obtaining the exhibits to each deposition, CPSI would not have a complete and accurate version of each deposition….

substantial portions of these depositions at trial; 3) videotaped deposition costs for counsel's convenience are not recoverable; 4) embedded in the costs are charges for shipping, handling, delivery, CD transcripts, ASCII disks, videographer fees, conference rooms, etc. which are not recoverable.    (Dc. 330 at 5-8; Doc. 341 at 6-12).

This Court's Standing Order 13 requires the prevailing party to submit a "written representation ... that a substantial portion of the deposition was admitted in evidence on the trial of the case."    Otherwise the clerk may not tax the costs of the original or a copy of a deposition unless ordered by the court.    Id.    Standing Order 13 provides that costs shall be taxed as follows:

> 1. Deposition Costs:
>
> (a) The Clerk may tax the cost of an original deposition upon the written representation of counsel for a party claiming the cost that a substantial portion of the deposition was admitted in evidence on the trial of the case.
> (b) The Clerk shall not otherwise tax the costs of either the original or a copy of the deposition (unless otherwise ordered by the court) and any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 54(d) [sic] and Local Rule 54.1 and present the matter to the court.

*However*, *the court is not limited by Standing Order 13*. As explained in Catanzaro v. Alabama State Port Auth., 2006 WL 3933275, *3 (S.D. Ala. Dec. 7, 2006) that:

> The court has discretion to award costs under Section 1920 regardless of the limitations of Standing Order 13. Standing Order 13 provides that "any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 45(d) [sic] and Local Rule 54.1 and present the matter to the court."…54.1 provides the procedure for taxation of costs by the clerk in this court. It specifically states that "This order limits only the authority of the clerk to assess costs for certain items otherwise taxable under Section 1920 but does not limit a prevailing party's ability to recover under the statute."…if the expenses are specifically enumerated in § 1920, the court upon proper motion by the prevailing party, may tax the expenses although they were correctly disallowed by the clerk pursuant to Standing Order 13 .....

(Id.) See also Coulter v. J.C. Penney Corp., Inc., 2007 WL 1521634, *1 (S.D. Ala. May 23, 2007) (same).

Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). <u>United States E.E.O.C. v. W&O, Inc</u>., 213 F.3d 600, 620 (11th Cir. 2000). Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case." <u>Id</u>. at 621. In contrast, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." <u>W&O</u>, 213 F.3d at 620. But, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]" <u>Ferguson v. Bombardier Serv. Corp.</u>, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007). As illustration:

- while admission into evidence or use during cross-examination at trial tends to demonstrate that a deposition transcript was necessarily obtained, "[i]t is not necessary to use a deposition at trial to be taxable[.]" <u>W&O</u>, 213 F.3d at 621; <u>United States v. Kolesar</u>, 313 F.2d 835, 840 (5th Cir. 1963) ("the utility (and necessity) for a deposition is not alone measured by whether all or any part of it is formally offered in evidence as such[ ]").[5]
- "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." <u>Lovett v. KLLM, Inc</u>., 2007 WL 983192, *6 (N.D. Ga. Mar. 26, 2007).
- deposition costs are taxable when submitted by the parties in support of motions filed with the court. <u>Crouch</u>, 2013 WL 203408, *7, n.23.
- depositions have been found to be recoverable when witnesses were listed as trial witnesses, but the depositions were not used or admitted at trial, as well as in other circumstances. <u>Caribbean I Owners Ass'n, Inc. v. Great Am. Ins. Co. of New York</u>, 2009 WL 2150903, *3-5 (S.D. Ala. Jul. 13, 2009).
- taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses and that "the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." <u>W&O</u>, 213 F.3d at 621. <u>See also</u> <u>Murphy v. City of Flagler Beach</u>, 761 F.2d 622, 631 (11th Cir. 1985) ("the court applied blanket rules that no costs shall be awarded for expenses incurred in procuring the presence at trial of witnesses who were not called or for depositions which are not used at trial. We believe that the application of such blanket rules are an abuse of (or a failure to exercise) the court's discretion in this case[]"); <u>Preis v. Lexington Ins. Co.</u>, 2007

_____

5 The provisions of 28 U.S.C. § 1920(2) allow the taxation of fees of a court reporter who prepares a "stenographic transcript necessarily obtained for use in the case." The trial judge has discretion in determining whether costs of copies are taxable and must decide whether the copies were necessarily obtained for use in the case.

WL 3120268, *1-2 (S.D. Ala. Oct. 22, 2007) (describing a number of circumstances in which deposition costs are recoverable).

- even if depositions are not admitted into evidence at trial, if the individuals testified at trial, they may be recoverable. See, e.g., Van Voorhis v. Hillsborough Bd. of Cty. Comm., 2008 WL 2790244, *4 (M.D. Fla. Jul. 18, 2008).
- depositions have also been deemed recoverable where individuals were not even listed as trial witnesses and their depositions were not admitted into evidence at trial, but testified at trial. Caribbean I, 2009 WL 2150903, *5.
- Depositions have been deemed recoverable where individuals' depositions were used at trial and the individuals were listed as trial witnesses, but the depositions were not admitted into evidence. Id.

See also generally Caribbean I, 2009 WL 2150903, *3.

The burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. W&O, 213 F.3d at 621; Helms v. Wal–Mart Stores, Inc., 808 F. Supp. 1568, 1571 (N.D. Ga. 1992) (providing that "since both parties should be aware of the reasons to take a deposition, the non-prevailing party should explain why the court should not grant that cost[]"). A deposition taken within the proper bounds of discovery will normally be deemed to be "necessarily obtained for use in the case" and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged. See, e.g., Air Turbine Tech., Inc. v. Atlas Copco AB, 2008 WL 544731, *3 (S.D. Fla. Feb. 26, 2008). As such, the non-prevailing party must pose a specific objection to any deposition transcript that it believes is not taxable. Id. See, e.g., Dillon v. Axxsys Int'l., Inc., 2006 WL 3841809, *6 (M.D. Fla. Dec. 19, 2006).

As detailed below, CPSI's motion with regard to the deposition costs is **GRANTED in part** in the amount of **$24,431.72.**

## A. <u>Non-Recoverable Deposition Transcript Costs</u>

In connection with the depositions, CPSI's requested costs for deposition discs, travel transcripts, PDF/USB bundles, summaries, mini-transcripts, CD/DVD transcripts, electronic transcripts (Etran), ASCII disks, "synchronization," etc., are typically incurred only for the convenience of counsel and are non-recoverable. <u>See</u> <u>generally</u> <u>Crouch</u>, 2013 WL 203408, *7-8 (finding non-taxable costs for synchronization, condensed/mini-transcripts, electronic transcripts, videotapes, CD containing transcripts, delivery, shipping and/or handling); <u>Ferguson</u>, 2007 WL 601921, *4 (finding non-taxable costs for converting videos to digital, expedited and condensed transcripts, copies, compressed or min-transcripts); <u>Powell v. The Home Depot, U.S.A., Inc</u>., 2010 WL 4116488, *10 (S.D. Fla. Sept. 14, 2010) (finding non-taxable costs for scanning, disk copies, mini-scripts, CD litigation packages and electronic transcripts and noting that most courts find ASCII costs non-taxable); <u>Zarra v. Sun Sentinel Co</u>., 2013 WL 704770, *1 (S.D. Fla. Feb. 26, 2013) (finding non-taxable costs for shipping and digital copies); <u>Awwad v. Largo Med. Ctr., Inc</u>., 2013 WL 6198856, *4 (M.D. Fla. Nov. 27, 2013) (finding non-taxable costs for ASCII copies and rough drafts of transcripts -- citing <u>Watson v. Lake Cty</u>., 492 Fed. Appx. 991, 997 (11ᵗʰ Cir. 2012)).

Additionally, CPSI's requested costs for late fees, expedited transcripts, postage, shipping, delivery and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses. <u>See</u> <u>supra</u>. <u>See</u> <u>also</u> <u>Maris Dist. Co. v. Anheuser–Busch, Inc</u>., 302 F.3d 1207, 1225 (11ᵗʰ Cir. 2002) (stating that "we do not believe that the costs associated with expedited trial transcripts should be allowed as a matter of course[]"); <u>Knight v. Paul & Ron Enters., Inc</u>., 2015 WL 2401504, *9 (M.D. Fla. May 19, 2015) (finding "costs for postage, fax and long distance phone charges, courier service, 'Accurint Billing,' investigative fees…'internet expense,'…..are not enumerated in § 1920 and are therefore not recoverable[]"); <u>Awwad</u>, 2013 WL 6198856, *4

15

(finding non-taxable costs for shipping and expedited transcripts); Kerns v. Pro-Foam of South Ala., Inc., 2007 WL 2710372, *3 (S.D. Ala. Sept. 13, 2007) (finding non-taxable an expedited Federal Express shipping fee and citing "*Harkins v. Riverboat Services, Inc.,* 286 F.Supp.2d 976, 981 (N.D.Ill.2003) ('Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable[]')").  Moreover, costs incurred with the use of conference rooms for depositions are non-recoverable.  See, e.g., Emery v. Allied Pilots Assn., 2017 WL 5175617, *5 (S.D. Fla. May 18, 2017) ("…[as]….costs incurred in renting conference rooms for out-of-state depositions….[are] not provided for in § 1920, the Court declines to award it[]") (*Report & Recommend*ation - *adopted by* 2017 WL 5188351 (S.D. Fla. Jun. 6, 2017)); Bradfield v. Mid-Continent Cas. Co., 2016 WL 9444139, *9 (M.D. Fla. Oct. 12, 2016) ("[s]uch costs are incidental charges and not reimbursable under § 1920[]").  As such, the following costs are **DENIED** as non-recoverable:[6]

- **Lawrence Baker** (Doc. 329-1 at 19) - technology package, condensed transcript, production/processing, shipping/handling
- **Brandon Browning** (Doc. 329-1 at 14) - postage/handling
- **James Cerruti** (Doc. 329-1 at 15-16) - 6 synchronized DVDs, FedEx, Etran copy
- **Matt Chambless** (Doc. 329-1 at 24) - postage/handling
- **Boyd Douglas** (Doc. 329-1 at 17) - postage/handling
- **Brenda Edwards** (Doc. 329-1 at 8, 11) - USB, travel transcript, 3-inch binder, shipping, travel expenses, processing, courier
- **Michael Einhorn** (Doc. 329-1 at 26) - disc, travel transcript
- **Kurt Goodfellow** (Doc. 329-1 at 10) - disc, travel transcript, conference room
- **Patrick Goodfellow** (Doc. 329-1 at 12) - disc/USB, travel transcript
- **Tristan Goodfellow** (Doc. 329-1 at 12) - disc/USB, travel transcript
- **Paolo Kalaw** (Doc. 329-1 at 10) - disc, travel transcript
- **Elsbeth Kalenderian** (Doc. 329-1 at 21, 28) - Etran copy, expedited expenses, rough draft copy, technology package, condensed transcript, production/processing, shipping/handling, additional surcharges
- **John G. Plumpe** (Doc. 329-1 at 27) - PDF bundle, postage/handling

_____

6 While initially requested, CPSI has since conceded that these costs are non-recoverable (except for the expedited expenses for Kalenderian's second deposition).  (Doc. 344; Doc. 347).

16

- **Irving Rappaport** (Doc. 329-1 at 20) - technology package, condensed transcript, production/processing, shipping/handling
- **David Stewart** (Doc. 329-1 at 18) - technology package, condensed transcript, production/processing, shipping/handling
- **Rayne Verity** (Doc. 329-1 at 10) - disc, travel transcript

## B. The Remaining Deposition Transcript Costs

Based on CPSI's briefing, the Court is satisfied that the depositions of the following individuals were necessarily obtained for use in the case. The Court's concern lies in the amount (reasonableness) and type (recoverable versus non-recoverable) of such costs sought by CPSI.

### 1. Lawrence Baker

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript", for $1,082.95. (Doc. 329-1 at 19). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI clarified its request and revised the invoice. (Doc. 344 at 21; Doc. 344-6 (Ex. F)). The Court finds the request reasonable as to 1 copy of the deposition ($893.80) and exhibits ($26.65) for an award of **$920.45.**

### 2. Brandon Browning

CPSI's submitted invoice states: "Condensed Copy with Electronic Copy" for $517.00; and "Reproduction of Exhibits" for $54.00. (Doc. 329-1 at 14). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has clarified its request and revised the invoice. (Doc. 344 at 18-19; Doc. 344-2 at 2 (Ex. B)). The Court finds the requests reasonable and awards **$571.00.**

### 3. James Cerruti

CPSI's submitted invoice states: "Copy 268 pgs" for $938.00; and 869 pages of exhibits scanned at $0.95/page, for $825.55. (Doc. 329-1 at 15-16). Evident opposes the costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has clarified and revised the invoice, and now seeks the deposition transcript, exhibits, and DVDs. (Doc. 344 at 19-20; Doc. 344-3). As noted *supra*, DVDs are non-recoverable. With that exception, the Court finds the request reasonable and awards a total of **$1,763.55** for one (1) full copy of the deposition transcript and the exhibits.

### 4.  <u>Matt Chambless</u>

CPSI's submitted invoice states: "Full Copy, Condensed, and PDF Bundle", $355.00, and "Pdf copy of exhibits," $111.15. (Doc. 329-1 at 24). Evident opposes the costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has supplemented its request. (Doc. 344 at 24; Doc. 347 at 6; Doc. 347-4 (Ex. D)). Regarding the deposition, CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle. With this clarification, the Court awards $355.00 for one (1) full copy of Chambless' deposition transcript and $111.15 for the exhibits, for a total award of **$466.15.**

### 5.  <u>Theodore Davis</u>

CPSI's submitted invoice states: "Certified Paper & Electronic Final Transcript," $1,326.70. (Doc. 329-1 at 23). Evident opposes the costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has clarified and supplemented the invoice, and now seeks to recover the cost for only "one copy" of the deposition

transcript, $1,326.70.   (Doc. 344 at 23; Doc. 344-10 (Ex. J)).   With this clarification, **$1,326.70** is awarded for one (1) full copy of Davis' deposition transcript.

### 6.     Boyd Douglas

CPSI's submitted invoice states: "Condensed Copy with Electronic Copy" for $555.00; and "Copy of Exhibits" for $39.15.   (Doc. 329-1 at 17).   Evident opposes the costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable.   CPSI has clarified and revised the invoice.   (Doc. 344 at 20; Doc. 344-4 (Ex. D)).   CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle.   (Doc. 347 at 20).   With this clarification, $555.00 is awarded for one (1) full copy of Douglas' deposition transcript and $39.15 for exhibits, for a total award of **$594.15.**

### 7.     David Andrew Dye

CPSI's submitted invoice states: "Full Copy, Condensed Copy with Electronic Copy" for $260.00.   (Doc. 329-1 at 13).   Evident asserts that such is not recoverable because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included.   CPSI has clarified the request.   (Doc. 344 at 17; Doc. 347 at 3-4).   CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle.   With this clarification, **$260.00** is awarded for one (1) full copy of Dye's deposition transcript.

### 8.     Brenda Edwards

CPSI's submitted invoices state: "Original transcript" for $1,692.90, Hourly charge for 8 hours, for $560.00, 79 pages b/w exhibits scanned, for $11.85 and 12 pages color exhibits scanned, for $1.80 (first deposition); and "Original and 1 Certified Copy of Transcript" for $275.76, 489 pages of exhibits at $0.36/page for $176.04, and a half-day per diem of $125.00 (second deposition). (Doc. 329-1 at 8, 11; Doc. 340 at 14 at n. 22). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has clarified its request. (Doc. 344 at 10, 14-15).

Concerning the first deposition, the invoice indicates the original transcript cost $1,692.90 for one (1) full copy of Edwards' first deposition transcript, which is awarded. Regarding the requested court reporter per diem, such fees are recoverable. Crouch, 2013 WL 203408 at *10 at n. 29 ("*Byrd v. Auburn University At Montgomery*, 2007 WL 1441161, 1 (M.D.Ala. Mar.16, 2007) ("The attendance fee for the court reporter [is] recoverable pursuant to 28 U.S.C. § 1920(2)."); *DuChateau*, 2012 WL 1069166, at *2 ("Recoverable costs include…attendance fees of the court reporter or per diem[]") (citing *Ferguson v. Bombardier Servs. Corp.,* 2007 WL 601921, at *4 (M.D.Fla. Feb.21, 2007))."). As such, the $560.00 court reporter fee is awarded. Concerning the exhibits, the Court awards $13.65. The Court awards a total of $2,266.55 for Edwards' first deposition. As for the second deposition transcript costs, the invoice indicates the original transcript cost $275.76 for one (1) full copy of Edwards' second deposition transcript, which is awarded. Concerning the court reporter fee, $125.00 is awarded. As for the exhibit copies, $176.04 is awarded. The Court awards $576.80 for Edwards' second deposition. In sum, the Court awards a total of **$2,843.35** for Edwards' first and second depositions.

9. **Michael Einhorn**

CPSI's submitted invoice states: "Original and certified copy" for $1,060.50; Exhibit, 83 pages, at $0.36/page, for $29.88; and Full Day per diem, for $110.   (Doc. 329-1 at 26).   Evident opposes the exhibit costs as unreasonable.   As noted *supra*, per diem fees are recoverable and the $110.00 court reporter fee is awarded.   The Court also awards $1,060.50 for one (1) full copy of Einhorn's deposition transcript and $29.88 for the exhibits.   The total award is **$1,200.38.**

### 10.   <u>Kurt Goodfellow</u>

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript", for $842.60; 3 pages of exhibits at $0.36/page for $1.08; and a Full day per diem for $250.00.   (Doc. 329-1 at 10; Doc. 344 at 12-13).   Evident opposes the $0.36/page rate for copies as unreasonable. As noted *supra*, per diem fees are recoverable such that the $250.00 court reporter fee is awarded. The Court awards $842.60 for one (1) full copy of the Kurt Goodfellow's deposition transcript and $1.08 for the exhibits.   The total award is **$1,093.68.**

### 11.   <u>Patrick Goodfellow</u>

CPSI seeks: "Original and 1 Certified Copy of Transcript," for $233.63. (Doc. 329-1 at 12; Doc. 344 at 16).   Evident does not oppose the cost for one (1) copy of the deposition.   The Court awards **$233.63** for one (1) full copy of Patrick Goodfellow's deposition transcript.

### 12.   <u>Tristan Goodfellow</u>

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript," for $371.51; and 129 pages of exhibits at $0.36/page for $46.44.   (Doc. 329-1 at 12; Doc. 344 at 15-16).   Evident does not oppose the cost for one (1) copy of the deposition, but opposes the exhibit

costs as unreasonable. The Court awards $371.51 for one (1) full copy of the Tristan Goodfellow deposition transcript and $46.44 for the exhibits, for a total award of **$417.95.**

### 13.   <u>Robert Douglas Hinkle</u>

CPSI's submitted invoice states: "Full Copy, Condensed Copy with Electronic Copy" for $162.50. (Doc. 329-1 at 13). Evident asserts that such is not recoverable because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle. (Doc. 344 at 18; Doc. 347 at 5). With this clarification, **$162.50** is awarded for one (1) full copy of Hinkle's deposition transcript.

### 14.   <u>Jennifer Lynn Humphries</u>

CPSI's submitted invoice states: "Full Copy, Condensed Copy with Electronic Copy" for $182.50. (Doc. 329-1 at 13). Evident asserts that such is not recoverable because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has supplemented and clarified the invoice and seeks only seeks the cost for one copy of the deposition transcript. (Doc. 344 at 17-18; Doc. 347 at 4). CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle. With this clarification, **$182.50** is awarded for one (1) full copy of Humphries' deposition transcript.

### 15.   <u>Paolo Kalaw</u>

22

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript," for $1,363.48; 114 pages of exhibits at $0.36/page for $41.04; Full day per diem $250.00; and 10 pages of color exhibits at $0.96/page for $9.60. (Doc. 329-1 at 10). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has supplemented and clarified the invoice. (Doc. 344 at 11-12). With this clarification, CPSI only seeks the cost of one copy of Kalaw's deposition transcript, the cost of the exhibit copies, and the court reporter attendance fee, which the Court finds to be reasonable. The Court awards the $250.00 attendance fee, the $1,363.48 for one (1) full copy of the deposition transcript, and $50.64 for the exhibits. The total award is **$1,664.12.**

### 16. <u>Elsbeth Kalenderian</u>

CPSI's submitted invoices state: "1 Certified Paper & Electronic Final Transcript and Rough Draft", for $1,310.15 (first deposition), plus "Original and certified copy" $2,462.47 ("3 day expedite") (second deposition). (Doc. 329-1 at 21, 28; Doc. 340 at 14 at n. 22). For the first deposition Evident asserts that such is not recoverable because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has clarified and revised that invoice, adding that it seeks the cost for one (1) copy of the deposition at $1,070.15. (Doc. 344 at 22-23; Doc. 344-12 (Ex. H)). The Court awards $1,070.15 for one (1) full copy of Kalendrian's first deposition transcript.

For the second deposition, Evident asserts that such is not recoverable because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included, adding that CPSI did not issue a notice of deposition and so cannot recover the cost for the video of the deposition.

CPSI has clarified and revised that invoice and explains that no video notice was necessary because the parties jointly agreed to conduct the deposition via videotape. (Doc. 344 at 26-27; Doc. 258 at 88 at n. 4; Doc. 344-12 (Ex. L)). CPSI only seeks the cost for one (1) copy of the deposition at $2,182.72, the court reported attendance fee, the cost of exhibit copies, and expedited delivery fees. As noted *supra*, court reporter attendance fees are recoverable and so the requested $145.00 is awarded. As for the deposition transcript cost, the Court awards the cost one (1) full copy of Kalendrian's second deposition transcript, $746.65. Concerning the exhibits, the revised invoice does not show a specific charge for copied exhibits and thus, this request is denied. The expedited fee is found non-recoverable. Thus, the Court awards $891.65. The total award is **$1,961.80** for Kalendrian's first and second deposition.

### 17. John G. Plumpe

CPSI's submitted invoice states: "Full copy and pdf bundle" $627.00 and "pdf copy of exhibits" $77.85. (Doc. 329-1 at 27). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has clarified and supplemented its request. (Doc. 347-5 (Ex. E); Doc. 344 at 26; Doc. 347 at 7). Regarding the deposition transcript, CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle. With this clarification, $627.00 is awarded for one (1) full copy of Plumpe's deposition transcript and $77.85 for the exhibits. The total award is **$704.85.**

### 18. Irving Rappaport

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript", for $2,398.20. (Doc. 329-1 at 20). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has supplemented and revised the invoice. (Doc. 344 at 22; Doc. 344-7 (Ex. G)). With this clarification, CPSI only seeks the cost of one copy of Rappaport's deposition transcript, the cost of the exhibit copies, and the court reporter attendance fee. Id. The Court finds this request reasonable and awards $255.00 for the court reporter fee, $1,902.05 for one (1) full copy of the deposition transcript, and $78.65 for exhibits. The total award is **$2,235.70.**

### 19. **Robert Robicheaux**

CPSI's submitted invoice states: "Certified Paper & Electronic Final Transcript", for $1,221.55. (Doc. 329-1 at 22). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has supplemented its request. (Doc. 344 at 23; Doc. 344-9 (Ex. I)). With this clarification, CPSI only seeks the cost of one copy of Robicheaux's deposition transcript, $1,221.55, which appears to be what the invoice charges for ("certified final transcript"). The Court awards **$1,221.55** for one (1) full copy of Robicheaux's deposition transcript.

### 20. **Scott Schneider**

CPSI's submitted invoices state: "Condensed copy with electronic copy" for $673.75 (first deposition); "Full Copy, Condensed Copy with Electronic Copy" for $787.50 (second deposition); and "Reproduction of Exhibits - exhibits 70-125" for $187.60 (second deposition). (Doc. 329-1 at 9, 13) (Doc. 340 at 14 at n. 22). Evident opposes, arguing in part that the second deposition invoice lacks a sufficient breakdown the charges to determine if non-recoverable costs are included

and the copying costs are unreasonable. CPSI has supplemented its request. (Doc. 344 at 11, 16-17; Doc. 347 at 2; Doc. 344-1 at 2 (Ex. A)). Regarding the deposition, CPSI's supplement explains that the court reporter charges the same amount for "one copy" of the deposition transcript even if/when counsel requests more copies such as a condensed version, Etran copy or pdf bundle. With this clarification, the Court finds that $787.50 is awardable for one (1) full copy of Schneider's second deposition transcript and $673.75 for the cost of one (1) full copy of Schneider's first deposition transcript. The Court awards a total of $1,461.25, for one (1) full copy of Schneider's first and second deposition transcripts and $187.60 for exhibits. The total award is **$1,648.85**.

### 21. <u>David Stewart</u>

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript", for $1,677.95. (Doc. 329-1 at 18). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has supplemented and clarified the invoice. (Doc. 344 at 21; Doc. 344-5 (Ex. E)). With this clarification, CPSI only seeks one (1) full copy of Stewart's deposition transcript, $1,435.10, which is recoverable and $80.35 for exhibits. The Court finds this request reasonable. The Court awards **$1,515.45.**

### 22. <u>Rayne Verity</u>

CPSI's submitted invoice states: "Original and 1 Certified Copy of Transcript", for $643.44; and 162 pages of exhibits at $0.36/page, for $58.32. (Doc. 329-1 at 10). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included and the copying costs are unreasonable. CPSI has clarified the invoice. (Doc. 344 at 28-29). Regarding the deposition transcript, the invoice appears to charge

26

just one amount for the certified final transcript (no additional charges for the Etran copy), and CPSI only seeks that cost. With this clarification, the cost for one (1) full copy of Verity's deposition transcript ($643.44) with exhibits ($58.32) is recoverable. The Court awards **$701.76.**

### 23. <u>Peter Winkelstein</u>

CPSI's submitted invoice states: "1 Certified paper and electronic final transcript", $741.65. (Doc. 329-1 at 25). Evident opposes these costs because the invoice lacks a sufficient breakdown to determine if non-recoverable costs are included. CPSI has clarified and supplemented the invoice. (Doc. 344 at 24; Doc. 344-11 at 2 (Ex. K)). Regarding the deposition, the invoice appears to charge just one amount for the certified final transcript (no additional charges for the Etran copy), and CPSI only seeks that cost. With this clarification, the Court awards the cost for one (1) full copy of Winkelstein's deposition transcript -- **$741.65.**

### V. <u>Deposition Attendance Fees for Expert Witnesses</u>

Pursuant to Section 1821(b), CPSI seeks to recover $240.00 for the expert deposition attendance fees of Davis (1 day), Robicheaux (1 day), Winkelstein (1 day), Plumpe (1 day), and Kalenderian (2 days), at $40/day (Doc. 340 at 16; Doc. 329-1 at 21-23, 25 and 27-28). The $40/day fee for experts is typically recoverable. <u>Crouch</u>, 2013 WL 203408, *14. *However*, per Evident, and not disputed by CPSI, "the parties agreed that each party would bear the fees and costs associated with the depositions of its own experts….the witness fees…were not charged." (Doc. 341 at 14). CPSI contends instead, that the Court may nevertheless allow such statutory fees to be taxed "even though the witness did not actually incur expenses in the amount prescribed in the statute[]" because "it is not necessary that CPSI actually paid its experts a $40.00 attendance fee to request the taxation of such costs[]" and CPSI "paid them their standard hourly fees to attend,

27

which far exceeded $40.00 a day." (Doc. 344 at 27-28). The Court is not persuaded given Evident's representation as to the parties' agreement, and so declines to award expert witness deposition attendance fee costs.

## VI. **Printing- Trial Exhibit Books**

CPSI seeks to recover **$6,380.47** for printing costs related to supplying the court with trial exhibit notebooks. (Doc. 340 at 16-18, 22). In support, CPSI submits two invoices for 7 copies of the trial notebook sets: April 3, 2018 -- 20,565 laser color copied pages at $.305/page, costs for 2,265 printed tabs at $0.24/each, 40 4-inch three-ring binders at $10.99/each, plus tax; and April 13, 2018 -- 8,916 laser color copied pages at $.305/page, 16 4-inch three-ring binders at $10.99/each, plus tax. (Doc. 329-1 at 29-30).[7] However, CPSI seeks recovery for only 4 sets as necessary for use at trial to provide a set to the judge, a set for witnesses to use, a set for opposing counsel, and a set to admit exhibits into the record (i.e., not for the convenience of counsel). (Doc. 340 at 18 and at n. 27). The Court finds the request reasonable.

To the extent Evident contends that CPSI is not allowed to recover the cost of exhibits that were not admitted at trial even though such were copied in preparation for trial, the Court is not persuaded. CPSI only has to present sufficient information showing the copies were necessarily obtained for use in the case. United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) ("[p]hotocopying costs may be recovered even though the underlying document was not admitted at trial[]" (quoting United States ex rel. Evergreen Pipeline Const. Co., Inc. v. Merritt

_____

7  Based on the information provided by CPSI, the Court calculates as follows:

-PAGES: 29,481 total pages, divided by 7 trial notebook sets = 4,211.57 pages per trial notebook set
-BINDERS: 56 total binders, divided by 7 trial notebook sets = 8 binders per trial notebook set
-TABS: 2,265 printed tabs divided by 7 trial notebook sets = 323.57 printed tabs per trial notebook set

Thus, each "set" contains 8 binders, 323.57 printed tabs and 4,211.57 pages.

Meridian Const. Corp., 95 F.3d 153, 173 (2nd Cir. 1996)); Eleison Composites, LLC v. Wachovia Bank, N.A., 2007 WL 9701151, *2 (N.D. Ga. Apr. 3, 2017) (same). See also Perez v. Pasadena Ind. Sch. Dist., 165 F.3d 368, 374 (5th Cir. 1999) (finding it was not an abuse of discretion for district court to allow prevailing party to recover costs of trial exhibits listed in pretrial order and provided to court in trial notebooks); Apple Inc. v. Samsung Electronics Co., Ltd., 2015 WL 4967769, *10 (N.D. Cal. Aug. 20, 2015) (discussing that copies of trial exhibits -- required by the Judge -- were recoverable per standing order); Kendel v. Local 17-A United Food & Comm. Workers, 2013 WL 12291706, *7 (N.D. Ohio Jan. 25, 2013) (same, per the court's instruction).

In sum, the Court awards **$6,380.47** in printing costs.

## VII.  Certified Copies

CPSI seeks **$1,140.00** for certified copies from the U.S. Patent & Trademark Office, Delaware Division of Corporations--Secretary of State, and Internet Archive URLs as follows:

| | | |
|---|---|---|
| 02.15.2018 | U.S. Patent & Trademark Office | 170.00 |
| | [Trial Exhibit Nos.   508-516] | |
| 03.12.2018 | U.S. Patent & Trademark Office | 50.00 |
| | [Trial Exhibit 517] | |
| 05.05.2017 | Delaware Division of Corporations | 20.00 |
| | Request for corporate information re: Nimbyx U.S., Inc. | |
| 05.10.2017 | Delaware Secretary of State | 10.00 |
| | Articles of Incorporation / [Refresh Exhibit No. 523] | |
| 03.20.20118 | Internet Archives URLs | 890.00 |
| | [Trial Exhibit Nos.   600-633] | |

(Docs. 329-1 at 3, 49-58; Doc. 340 at 18-21).   CPSI contends that when the certified copies were obtained, it reasonably believed they were necessary for use in this case (including to potentially use at trial).   (Doc. 340 at 19-21).   In opposition, Evident contends:

… the majority of these documents were not used at trial or admitted into evidence, including CPSI's exhibits 508-516 (not admitted, though CPSI tried to introduce Exhibit 516, which Evident objected to and the objection was sustained), CPSI's exhibit 517 (not admitted), Delaware corporate information for Nimbyx (not admitted), and Delaware Articles of Incorporation (not admitted). Additionally, CPSI listed $890 in costs for copies of Internet Archives URLs (CPSI's exhibits 600-633). A limited number of pages from a few of these exhibits were used, but it is unclear why these copies were so expensive….

\*\*\*

…CPSI has failed to show that certified copies of Evident's USPTO registration application and Trademark Trial and Appeal Board petition for cancellation were reasonably believed to be necessary for trial because the court sustained any objections to such documents being used as exhibits. In addition, the certified copies of documents concerning Nimbyx U.S., Inc., were not reasonably anticipated to be used at trial. Finally, the certified documents and/or exemplifications obtained from Internet Archive: Wayback Machine were not reasonably anticipated as necessary for trial. Evident ultimately did not assert any objections to the copies obtained from this organization….

(Doc. 330 at 9; Doc. 341 at 15-16).

Section 1920(4) provides for costs to be taxed for certified copies of documents necessarily obtained for use *in the case*. <u>Bumpers,</u> 2015 WL 6870122, \*12 (S.D. Ala. Nov. 6, 2015) (citing <u>Goodwall Const. Co. v. Beers Const. Co</u>, 824 F. Supp. 1044, 1063 (N.D. Ga. 1992). <u>See</u>, <u>also</u>, <u>e.g.</u>, <u>W&O, Inc</u>., 213 F.3d at 623; <u>PNC Bank Natl. Ass. v. Orchid Group Invest. L.L.C.</u>, 2014 WL 4954779, \*1 (M.D. Fla. Oct. 2, 2014) (awarding costs to obtain certified copies of state court records used as exhibits at trial); <u>Exhibit Icons v. XP Cos., LLC</u>, 2009 WL 3877667, \*5 (S.D. Fla. Nov. 18, 2009) (awarding costs for certified copies).    Additionally, as set forth in <u>LFP IP, LLC v. Hustler Cincinnati, Inc</u>., 2016 WL 7015764, \*4 (S.D. Ohio Nov. 30, 2016) (awarding certified copy costs in a trademark action):

> The costs incurred for obtaining copies of Registrations and Assignments of trademarks are taxable under § 1920 if the party has to show that the registration is "currently valid and in good standing." *Synergistic Int'l., L.L.C. v. Korman*, 2007 WL 517676, at \*5 (E.D. Va. Feb. 8, 2007). Here, Plaintiff had to show that its trademarks were "currently valid and in good standing" in order to prove its trademark infringement claims against Defendant….Therefore, the….[costs]…to obtain certified copies…is allowed.

See also e.g., Dickey's Barbecue Pit, Inc. v. Neighbors, 2016 WL 3653517, *5 (E.D. Tex. Jan. 9, 2016) (awarding Section 1920 costs for certified copies of trademark registrations); Sensient Tech. Corp. v. SensoryEffects Flavor Co., 2009 WL 10694585, *2 (E.D. Mo. Aug. 26, 2009) ("Certified copies of relevant trademarks are reasonably necessary in actions such as this, and the costs associated with these copies is recoverable. *See Vornado Air Circulation System, Inc. v. Duracraft Corp.,* 1995 WL 794070, at *4 (D. Kan. 1995)[]").

Concerning the USPTO and State of Delaware certified copies, despite Evident's contentions, the inquiry is not whether such were necessarily obtained *for use at trial* but whether they were necessarily obtained *for use in the case*. The Court is familiar with CPSI's use of the certified copies and so is not left to speculate. CPSI has also sufficiently alleged how the certified costs were necessarily incurred *for use in the case*. The Court awards $250.00 for these costs.

For the Internet Archive[8] URLs (also called the Internet Archive Wayback Machine or Wayback Machine), the Court finds otherwise. "[T]he Internet Archive is a nonprofit organization that has created an online library of digital media in an effort to preserve digital content for future reference. Its digital database is equivalent to a paper library, but is filled with digital media like websites…The library includes a collection of chronological records of various websites which Internet Archive makes available at no cost to the public via the Wayback Machine." See, e.g., Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey, 497 F.Supp.2d 627, 631 (E.D. Pa. 2007); Keystone Retaining Wall Sys., Inc. v. Basalite Concrete Prod., LLC, 2011 WL 6436210, *9 at n. 9 (D. Minn. Dec. 19, 2011) (same). Additionally, as the materials are not provided in "certified" form, courts have *declined* to take judicial notice of same

---

8  "[W]e provide *free* access…" https://archive.org/about/    (last visited 2/12/19 (emphasis added)).

"because the Wayback Machine site itself includes a disclaimer that the Internet Archive "makes no warranty or representation regarding the accuracy...of the content.."" <u>Nassar v. Nassar</u>, 2017 WL 26859, *5 (M.D. Fla. Jan. 3, 2017). As noted in <u>Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc</u>., 2017 WL 3503371 (S.D. Fla. Aug. 15, 2017) (trademark case):

> …A review of caselaw across several district courts in several circuits reveals that this issue is far from settled. However, circuit courts generally have required that the Wayback Machine print-outs be authenticated by a representative with personal knowledge before they can be judicially noticed or admitted. *See, e.g., United States v. Bansal*, 663 F.3d 634, 667–68 (3d Cir. 2011); *Novak v. Tucows, Inc.,*…2007 WL 922306, at *5 (E.D.N.Y. Mar. 26, 2007)….; *Cf. Specht v. Google Inc*., 747 F.3d 929, 933–34 (7th Cir. 2014)…..

Per CPSI, an affidavit was obtained for "verifying the authenticity of the site [Internet Archive] and the information contained therein[]" -- not related to *specific* records/documents requested by CPSI. (Doc. 340 at 21). Documentation notes a transaction detail description of "Affidavit request" associated with this cost. (Doc. 329-1). However, CPSI fails to explain why it seeks to recover $890.00 for "Internet Archive URL" costs when the information is made available at no cost and/or how one (1) affidavit -- if necessary to verify the authenticity of records -- costs $890.00. *Cf.* <u>SP Tech., LLC v. Garmin Int'l, Inc.</u>, 2014 WL 300987, *9 (N.D. Ill. Jan. 10, 2014) (discussing the cost for an Internet Archive affidavit as $360.00). CPSI's description of this cost (Doc. 340 at 21) does not sufficiently detail *what* constitutes the $890.00 (e.g., if one (1) affidavit costs a flat fee of $890.00, if the cost of an affidavit depends on the number of records obtained, etc.). Moreover, while CPSI asserts that the affidavit process "takes months," Evident stipulated to the authenticity of the records ("several screenshots") that CPSI wished to use at trial at the March 22, 2018 final pretrial conference -- meaning that no affidavit was needed for the April 16, 2018 trial. Further, "an affidavit is not taxable as an exemplification cost under Section 1920(4)[.]" <u>SP Tech.,</u> 2014 WL 300987 at *9. Upon consideration, the Court denies this cost.

Thus, Court awards **$250.00** for certified copying costs.

## VIII.  <u>Conclusion</u>

In sum, the Court finds as follows:

| Cost | Request | Award |
|------|---------|-------|
| Trial Witnesses | $7,405.57 | **$3,886.44** |
| Deposition Transcripts | $29,093.96 | **$24,431.72** |
| Expert Witness Deposition Attendance Costs | $240.00 | **$0.00** |
| Printing | $6,380.47 | **$6,380.47** |
| Certified Documents / Exemplifications | $1,140.00 | **$250.00** |
| **TOTAL** | | **$34,948.63** |

Accordingly, it is **ORDERED** that CPSI's Motion to Retax (Doc. 340) is **GRANTED in part** and **DENIED in part** and the costs are **RETAXED** in the amount of **$34,948.63** in favor of CPSI, as detailed herein.

**DONE** and **ORDERED** this the **11**th day of **March 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**